## John H. Ing *vs.* Richard Cromwell, Jr.

Under the 2nd section of the act of 1833, ch. 181, relating to mortgages in Baltimore city, the court is only restricted in fixing a time for the sale to "one of the periods limited" in the mortgage for forfeiture thereof, and it may prescribe *such terms of sale as shall seem proper*.

Under this authority it is clearly within the power of the court to direct, as one of the terms of sale, that the property shall be sold *for cash*.

The mortgage itself fixes the time for the payment of the money, and the mortgagor cannot complain that further notice was not given to him.

Appeal from the Equity Side of Baltimore county court.

The appellant executed a mortgage to the appellee, dated the 5th of November 1849, of certain lots in the city of Baltimore, to secure the payment of $3600, and interest thereon, for the principal of which he had passed to the mortgagee his promissory note, of even date with the mortgage, payable in three years, and for the interest, his six notes also bearing even date with the mortgage and payable respectively at six, twelve, eighteen, twenty-four, thirty and thirty-six months. The condition was, that the mortgage should be void upon payment of said sum, with legal interest thereon, at the times and in the manner specified in said notes, otherwise to be in full force, &c. This mortgage was executed under the act of 1833, ch. 181, and contains the assent of the mortgagor to the passing of a decree, as provided for in said act. A portion of the property embraced in this mortgage was conveyed to the mortgagor, by deeds of mortgage from several parties.

The mortgagee filed his petition in Baltimore county court, on the 22nd of January 1851, for a decree for a sale, according to the provisions of said act; and on the same day, the

court passed a decree for the sale of the lots on Madison
street, embraced in the mortgage, or so much thereof as may
be necessary, appointing a trustee for that purpose, directing
him to sell upon the usual notice, by advertisement, and pre-
scribing the terms of sale to be for cash.   Afterwards and
before the sale, the mortgagor filed his petition, asking leave,
upon the grounds therein stated, to file a bill of review for
errors of law upon the face of the decree, upon which the
court passed an order granting leave to file such bill on or
before the 1st of March then next, and in the meantime sus-
pending proceedings under the decree. · Afterwards, on the
20th of March 1851, no bill of review having been filed, the
court passed an order directing the trustee to proceed in the
execution of the decree.   The mortgagor thereupon appealed
from the decree.

The cause was argued before LE GRAND, C. J., ECCLE-
STON and TUCK, J.

*John H. Ing* for the appellant.

1st. The proceeding being *ex-parte*, the law must be fol-
lowed strictly.   The appellant respectfully insists, that under
this act of 1833, no decree for sale can pass, without giving
to the defendant a day to pay into court the amount justly due
to the complainant under his mortgage, and no day having
been fixed by the decree in this case, that is error, and should
on appeal be corrected.

2nd. Under the second section of this act, the terms of sale
are left discretionary with the court.   In this case the terms
are "cash."   To allow the property so to be sold will be
ruinous and oppressive to the defendant, and without benefit
to the complainant.   A modification of the decree in this
respect, allowing the complainant, *through the trustee*, to sell
upon terms, one-third cash, one-third on credit of one year,
and remaining one-third on credit of two years from day of
sale, credit payments to bear interest and be secured to the

satisfaction of the trustee, would be equitable and just, and in nowise affect the complainant or impair his rights.

3rd. Under this act, all parties who may in anywise be affected by the sale ordered by the court, should be made parties to the proceeding, and thus opportunity be afforded them to arrest the sale, by paying, on or before the day provided and fixed by the decree, the sum necessary to save their property and interest from being sacrificed by a public sale.   The record shows a number of persons to be interested in the property who are not brought before the court, and the decree is erroneous in not having proper parties made to it.

4th. The decree does not give the title of the term of the court at which it was passed, and this is error.

5th. The appellant having brought himself before the court by his petition, and having made himself a party thereto, and being before the court, *ex-parte* proceedings were taken in the case, when he should have had notice and a hearing before the court's order, of the 20th March 1851, was passed.

*Milton Whitney* for the appellee.

1st. There is no error in the decree, in not giving the defendant a day to pay into court the amount due on the mortgage.   By section second of this act the object thereof is expressed: "In order to the facilitating the enforcement of mortgages of real property and estate in the city of Baltimore." It authorises the mortgagee, at any time after filing the mortgage to be recorded, to submit to the court the conveyance or copies thereof; and the court may thereupon *forthwith decree*, that the mortgaged premises be sold, not as prescribed by the third section of the act of 1785, ch. 72: "If the money is not paid within the time *limited in the decree*," therefore making it imperative upon the court to fix a day for the payment of the money, but "*at any one of the periods limited in said conveyance* for the forfeiture of said mortgage."   And by section third, it authorises the trustee to sell "*after the arrival of said period*."   The right of the defendant under the act of 1785 to a day, to be limited in the decree for payment of the

5      v.4

money, arises from the language used in its third section. See *David, et al., vs. Grahame*, 2 *H. & G.*, 94. The act of 1833 was passed to facilitate the enforcement of mortgages, and provides for a decree *before forfeiture*, and the only limit to be fixed by the decree is that fixed by the parties by the terms of their contract. In the case of *David vs. Grahame*, the court held, that under the act of 1785, where the sale was ordered *on credit*, no day need be limited, as the sale on credit was equivalent to a day being given. Under the act of 1833: a decree for a sale at the time limited in the conveyance for a forfeiture, is a day limited for the payment of the money, to wit, the day fixed upon by the parties; and it was the intention of the legislature to hold the parties to their contract, and not allow the court to make a *new contract* between them, by giving an additional time *after* forfeiture. The intention was, to remove the delay incident to the giving of time for the payment of the money after forfeiture of the mortgage, and the language used can receive no other construction.

2nd. There is no error in ordering the premises to be sold "for cash." The terms of sale are left entirely at the discretion of the court, having jurisdiction to pass the decree. This court is to presume that this discretion was exercised by the court below, and will not, upon appeal, exercise the powers vested in that court and undertake to say, whether the terms of sale prescribed are or are not advantageous to the parties. The defendant below might have come into court, and, by petition, set forth any facts to operate upon their minds.

3rd. There was no error in not making other persons parties to the proceedings. The decree is for the sale of the two houses on Madison street. It touches none of the other property embraced in the mortgage. The record shows no persons to be interested in that property prior to the appellee. His mortgage constitutes the first incumbrance on it. Under the act of 1785, the ordinary proceedings in chancery were to be observed—all persons interested to be made parties, subpoenas to be issued, and all the delay incident thereto. The act of 1833 requires the assent of the mortgagor. That

assent goes upon record, and is information to the world, in the same manner and to the same extent, as a decree. He who takes a subsequent interest in the mortgaged premises, takes it not only subject to the mortgage, but also to this special power. The mortgagee acquires a right which he did not possess under the act of 1785, and no act of the mortgagor can deprive him of it. If the mortgagor could, by various assignments subsequent to the mortgage, compel him to resort to all the delays incident to the old system, and make all persons subsequently interested parties, he would then deprive him of that right. The object of the statute is to facilitate: can the mortgagor defeat it by making an assignment? This act contemplates the making of no person party. All it requires is, "*that the conveyance be submitted to the court,*" *who may thereupon forthwith decree.* It is a proceeding *in rem,* and all subsequent incumbrancers take the property subject to this power in the court, and right in the mortgagee, by virtue of the assent, which is made a matter of record. They are not to be made parties except upon their own petition.

4th. There is no law or rule of practice requiring a decree to give the title of the term of the court at which it was passed. The practice has uniformly been, not to give the title, but the day of the month upon which the decree is passed. This is given in the present decree. The courts have authority to pass decrees at any time. The month of March and August are not "term-times." A decree passed in either of those months could not give the title of the term, as it would not be passed in term-time.

5th. The appellant was not entitled to notice and a hearing before the court's order of March 20th, 1851. By order of the court, the appellant had leave to file a bill of review, *provided the same was filed on or before the 1st of March then next.* On the 20th March, no bill of review having been filed, the trustee was ordered to proceed. The appellant had lost all benefit of the prior order in not complying with its conditions, and there was no error in not giving him notice before the order of March 20th.

MASON, J., delivered the opinion of this court.

We find no error in the decree of the court below. The application for a sale was not made till after default by the mortgagor, and therefore no sale could take place till after such default. By reference to the act of 1833, ch. 181, sec. 2, the court is only restricted in fixing the time for a sale, "to one of the periods limited in said conveyance for the forfeiture of said mortgage."

The act further provides, that the court shall prescribe *such terms of sale as shall seem proper*. Under this authority it was clearly within the power of the court to direct, as one of the terms of sale, that the property should be sold *for cash*.

The mortgage itself fixes the time for the payment of the money, and therefore the mortgagor can have no good reason to complain that further notice was not given to him.

We think the decree should be affirmed.

*Decree affirmed, with costs.*