## JOHN HAYS *vs.* WILLIAM H. DORSEY.

A mortgage was executed under the act of 1833, ch. 181, to the mortgagee, *in trust*, for the benefit of the payees of certain promissory notes secured by it, he, upon default, to make sale and apply the proceeds to the payment of the debt and interest.  HELD:

That the mortgagee was the proper party to make the statement and affidavit required by the third section of that act, and that the payees in the notes, the *cestui que trusts* in the mortgage, need not be made parties to the proceedings under the act.

The proceedings under this act so far as the obtention of the decree is concerned are *ex-parte;* the rights of third parties are to be inquired into on the ratification of the sale and not before.

The affidavit and statement of the amount due on the mortgage required by the third section of this act need not be made before the decree but only *before the sale.*

APPEAL from the Equity Side of the Superior Court for Baltimore city.

This appeal was taken from a decree of the court below for the sale of certain mortgaged premises, passed upon a mortgage executed under the acts of 1833, ch. 181, and 1836, ch. 249.  The facts of the case are fully stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Thomas G. Pratt* for the appellant, argued, that the decree was erroneous, because—

1st. The affidavit required by the act of 1833, ch. 181, should have been made *prior* to the decree, and by Miller and Arthur, *the holders* of the notes, to secure which the mortgage was given.  The manifest design of the third section of the act of 1833 was to require that the party legally entitled to the money—the real creditor—should make the statement and affidavit.  In no other way would the mortgagee be protected.  This case is a forcible illustration of this proposition.  Arthur and Miller are the holders of the notes, to secure the payment

of which the mortgage was executed. They alone were authorised to receive payment in whole or in part of these notes, and consequently they alone *could* make the statement and affidavit required by the act.

2nd. Arthur and Miller, the holders of the notes referred to in the mortgage, and the *cestui que trusts* therein named, were *necessary* parties to the proceeding to foreclose the mortgage. Apart from the act of 1833, it is clear by every rule of chancery proceedings that they were necessary parties. *Story's Eq. Pl.*, secs. 201, 207, 210.　3 *Ves.*, 560, *note (a.)*　4 *Madd. Rep.*, 101, *Wood vs. Williams.* The only question then is, whether this act dispenses with this necessity ? I have looked in vain to the act to discover the provision which could be construed to have such a result. If we look at the question practically, the same necessity would seem to exist in proceedings under this act to have all the parties *in interest* before the court, which would exist in any other chancery proceeding. Arthur and Miller not being parties, are not bound by the decree which has been passed; they are not prevented by the decree from pursuing their remedy upon the notes, and the sale and payment of the money to the trustee named in the decree would not operate a liquidation of the mortgagor's indebtedness.

*E. R. Sprague* for the appellee.　The mortgage was duly executed under the acts of 1833 and 1836. The parties to the contract are Hays, the mortgagor, and Dorsey, the mortgagee. The former stipulates, that upon certain contingencies the latter shall have the right to foreclose under the provisions of the acts referred to. The contingency provided for in the mortgage happened, and the mortgagee, under the terms of the contract, instituted his proceedings in the proper court to obtain his remedy. It is too late now for the mortgagor to change the terms of this contract, and to require the mortgagee to pursue his remedy in any other way than that called for by the letter of the instrument itself. It is therefore submitted, that all the necessary parties are before the court.

As to the objection that Miller and Arthur should have made

the statement and affidavit required by the third section of the act, it cannot be sustained, either by the *language* of the section, which is, that it shall be made by the "mortgagee or his assigns," nor by any *construction* of the act, for the whole object of this requirement is to go to the conscience of the mortgagee to disclose the exact amount claimed by him, and this requirement is fully gratified in this cause.

LE GRAND, C. J., delivered the opinion of this court.

This is an appeal from a decree of the Superior court for Baltimore city, sitting as a court of equity.

It appears from the record that the appellant, to secure the payment of certain promissory notes, payable to Messrs. Arthur and Miller, of the State of Missouri, executed to the appellee, on the 16th day of March 1849, a mortgage in trust for the benefit of the payees of the promissory notes. The mortgage was executed under the acts of Assembly of 1836, ch. 249, and 1833, ch. 181.

On the 28th March 1851, all the notes being due, the appellee filed his petition praying a decree for the sale of the mortgaged premises, which was accordingly given.

To this decree two objections are urged:—1st. That Arthur and Miller should have been made parties to the proceeding; and 2nd. That the affidavit required by the act of 1833 should have been filed *before* the signing of the decree by the judge.

Both of these objections are to be solved by the act. It is an act applicable exclusively to the city of Baltimore. It provides for an *ex-parte* proceeding; and, so far as the obtention of the decree is concerned, no summons is necessary, nor is any notice required to be given to any one. The rights of third parties are to be inquired into on the question of the ratification of the sale and not before. The mortgagor, by executing his conveyance under the act, gives *his* "*assent*" to the passage of the decree; and so far as the authority of the court to pass it is involved, it is only necessary to file a petition and the mortgage. In the particular case before us, although the mortgage was executed in trust and for the benefit of Arthur and Miller, still the act contemplated the mortgagee, or

his assignee, as the persons to file the petition and invoke the decree. The *cestui que trusts* are not anywhere required to be made parties. The third section of the act provides, that the affidavit to the amount of indebtedness shall be made "by the mortgagees, their executors or administrators, or their assigns if the mortgage claim shall have been assigned." Now were it conceded that in general the *cestui que trusts* are the proper persons to make the affidavit, yet in this case the mortgage provides, that the appellee, after default of the mortgagor, shall make the sale and "apply the proceeds of sale to the payment of the principal debt then owing and unpaid, and all interest accrued." Under this clause we think the affidavit was made by the proper party.

This cannot occasion any inconvenience or injustice to the mortgagor. If the mortgagor has actually paid the notes, he can show it when the sale is reported for ratification. If, on the other hand, he has not paid them, justice requires that the property mortgaged should be made available to that purpose; and when the funds come to be distributed, he has a right to demand the surrender of the notes before the mortgagee or the *cestui que trusts* are entitled to any of the proceeds. Thus his interests are fully protected.

In regard to the second objection it is but necessary to say, it is distinctly answered by the third section of the act. It only requires the affidavit shall be filed *"before"* the sale. In this case, as yet, there has been no sale and the affidavit has been filed. We see no reason for setting aside the decree and accordingly affirm it.

*Decree affirmed.*