(Decided April 9th, 1862.)

---

# Edward Kenly *vs.* William Wierman's Exc'rs.
## *June Term,* 1862.

A mortgage, to come within the provisions of the Act of 1833, ch. 181, must contain such assent of the mortgagor to the passing of a decree in conformity to the provisions of that Act, as to authorize the court, *before default,* forthwith to decree a sale of the mortgaged premises.

The supplemental Act of 1839, ch. 9, authorizes the passing of decrees for the sale of mortgaged property *after default,* only in cases where like decrees might have been passed before default, under the provisions of the original Act of 1833, ch. 181.

A clause, that, "in case of default being made in the premises," it shall be lawful for the mortgagee, his executors, &c., "to procure by a decree of any court of competent jurisdiction, a sale" of the mortgaged property, does not bring the mortgage within the special jurisdiction prescribed by these Acts.

Kenly *vs.* Wierman's Exc'rs.

Appeal from the Equity side of the Superior Court of Baltimore City.

This appeal is from a decree of the court below, (Lee, J.,) passed August 31st, 1859, upon petition of the appellees, for a sale of property mortgaged to their testator by the appellant, by a mortgage dated September 28th, 1841. The proceedings and decree were under the Act of 1833, ch. 181, and its supplement of 1839, ch. 9. The terms of the mortgage are stated in the opinion of this court.

The cause was argued before Bartol, Goldsborough and Cochran, J.

*Benj. C. Barroll,* for the appellant:—The great objection to this decree is, that the mortgage in question does not contain any assent to the passage of a decree according to the provisions of the Act of 1833. There is in it no assent to the passage of a decree *ex parte,* and no reference to, and nothing from which the court can infer, that either party contemplated such an assent as is required by the Act of 1833, and the decree, therefore, was wholly unwarranted by the mortgage deed.

*John M. Edgar,* for the appellee:—The mortgagor's assent is *substantially* given to the passing of the decree, and special reference to the Act of 1833, *in totidem verbis,* is not required if the intent of the parties is manifest.

Cochran, J., delivered the opinion of this court.

The special jurisdiction in relation to mortgages in the city of Baltimore, conferred by the Act of 1833, chap. 181, is expressly limited to cases, where, in the mortgage, the mortgagor shall so declare his assent to the passing of a decree, in conformity with the provisions of that Act, as to authorise the court *before a default,* forthwith to decree a sale of the mortgaged

premises. The supplemental Act of 1839, chap. 9, authorizes the passing of decrees for sales of mortgaged property, *after the default* of the mortgagor, only in cases where like decrees might have been passed before such default, under the provisions of the original Act.

As the decree in this case was passed by the court below in the exercise of the special authority conferred by the Acts mentioned, it cannot be affirmed unless the mortgage, on which it was granted, contains an assent thereto, on the part of the mortgagor, sufficient to have authorized the passing of a decree for a sale before his default. But the only clause appearing in the mortgage, from which any inference of assent, on the part of the mortgagor, can be drawn, instead of authorizing the passage of a decree for a sale, according to the provisions of the Act of 1833, entirely excludes the mortgage from their operation, by providing for obtaining the decree after default, in terms which do not even imply a change of the ordinary mode of proceeding by bill. The clause thus expressed— *"in case of default being made in the premises, that then it shall and may be lawful for the said William Wierman, his heirs, &c., to procure by a decree of any court of competent jurisdiction, a sale, to be made of the hereby mortgaged property"*—does not enlarge, but simply declares the subsistent right of the mortgagee to prosecute his remedy, according to the usual course, after the default of the mortgagor. According to our understanding, it is not sufficient to bring the mortgage within the special jurisdiction prescribed by the Act of 1833, nor the supplemental Act of 1839, and we shall therefore reverse the decree, with costs to the appellant, but without prejudice to the proper claim, or remedy, of the appellees, on the mortgage.

*Decree reversed without prejudice.*

(Decided June 3rd, 1862.)