## SAMUEL BLACK *vs*. DAVID CARROLL.

CODE., VOL. 2., ART. 4, SEC. 782, RELATING TO MORTGAGE SALES IN BALTIMORE CITY: PROPRIETY OF DECREE AND VALIDITY OF SALE, WHEN TO BE CONTESTED: PRACTICE IN EQUITY.—The propriety of a decree and the validity of a sale made in pursuance thereof, in a proceeding under the Act of 1833, ch. 181, codified in vol. 2, Art. 4 and sec. 782 of the Code, may be inquired into and contested after the passage of the order of ratification *nisi*, and before the final order of confirmation is passed.

The objection that under the article and section of the Code referred to, a decree may not be entered as well after as before default is not supported, either by the words of the Code or by any decided case.

The plain meaning of these provisions of the Code is, that where the decree is entered before default, no sale shall be made till something is due upon the mortgage; but they do not limit the remedy of the mortgagee to the period before the forfeiture.

——: ——: ——: THE ACT OF 1839, CH. 58, SEC. 3, conferred no new and enlarged power on the Court, nor gave any right to the mortgagee which was not given by the original Act of 1833, ch. 181, but must be taken as merely declaratory of the pre-existing law.

——: ——: ——: ACT OF 1861, CH. 17.—The decree under which the sale in this case was made, was not suspended by the Act of 1861, ch. 17, but came within the exceptions of the 3d sec. of that Act, which expressly excepts from the operation of the Act "decrees or judgments for the payment of interest or tax as between parties to mortgages, judgments or other contracts, upon which said interest or taxes are payable at a specified time or times."

APPEAL from the Superior Court of Baltimore City.

The appeal in this case is from an order of the Superior Court of Baltimore city, overruling objections to a sale made in pursuance of a decree passed under the provisions of the Act of 1833, ch. 181, embodied in the Code, vol. 2, Art. 1, sec. 782, relating to mortgages in the city of Baltimore.

The facts of the case are stated in the opinion of this Court.

This cause was argued before BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Benjamin C. Barroll* for the appellant.

1. The first objection which appears against the validity of the decree is, that it is not in conformity with the law authorizing an *ex parte* decree to be passed. The Code expressly limits the jurisdiction; the language is, (sec. 782,) "the said Court may thereupon forthwith decree that the mortgaged premises shall be sold at any one of the periods limited in said conveyances for the forfeiture of said mortgages, or limited for a default of the mortgagors."

The jurisdiction conferred (special) is to pass a decree, before default, for a sale to take place at a period specified in the mortgage. The decree is to be "forthwith," and it is impossible to conform to the express requirements of the law unless the decree precedes the default and the period limited in the mortgage for the forfeiture and consequent right to sell.

Such was the scope of the Act of 1833. And it was only the superadded jurisdiction conferred by the Act of 1839 which enabled the Courts to pass similar decrees after default. This Court so decided in the case of *Kenly vs. Wierman*, 18 *Md. Rep.*, 303. (The Act of 1839 was not re-enacted by the Code.)

2. The second objection to the decree in this case arises out of the restrictions imposed by the Act of 1861, ch. 17, at the special session, which declares that "on all decrees for sale of mortgaged property there shall be a stay of execution and sale for twelve months from the passage of this Act." And upon all powers to sell contained in any mortgage, the stay is declared to operate—the remedial operation of the law being made as broad as language can express it. It is prohibitory—clearly and emphatically so.

The complainant seeks to shelter himself under the proviso in relation to "personal property," but the meaning is manifestly "chattels," and not property, which is

immovable and not liable to waste or destruction by removal or inattention; in other words, the term was meant to apply to perishable property, as that word is commonly understood, and did not embrace interests in real estate.

The complainant further suggests (in the record) that he is within the terms of the third section, *i. e.*, that the decree in question is a decree "for the payment of interest." But the petition, claim, and all the proceedings expressly negative such proposition.

In order to avail of the third section, the decree on its face must show it to be for interest due, especially when a Court is exercising a special, carefully defined jurisdiction. The law in question is remedial in the highest sense and every intendment is to be made to promote its humane purpose.

The appellant suggests that you cannot avail of this third section with regard to interest without proof of the fact in advance of the decree. The law requires not mere allegations, but evidence legally introduced in order to entitle the Court to pass the decree for sale; *prima facie* the jurisdiction to pass such decree does not exist, and the evidence therefore must precede the exercise of the power by the Court. If the jurisdiction of the Court is not perfect at the time when the decree is signed, no subsequent act or evidence can give it efficacy.

It is also not unworthy of note that the proviso with regard to interest is confined by the express language of the law to the parties to the mortgage. Assignees of such parties are not included in the designation, and it does not necessarily follow, that they can avail of the exception. The proper construction of the language used seems to imply that all others were excluded, and specially intended so to be.

The appellant respectfully insists that the harsh and anomalous process allowed under these special mortgage

Acts justifies the strictest scrutiny into the exercise of the power and jurisdiction of the Court ordering the sale. If rightful in all respects, the jurisdiction and sale will be sustained by the Appellate Court, but in these cases there are no equitable intendments, the right of the mortgagee is "*strictissimi juris,*" and he is held to the very letter of the law.

*Leven Gale* for the appellee contended,

1. That the provisions of the Code do authorize a decree to be passed as well after as before default. 2 Code, 307, &c. Act 1833, ch. 181. Act 1839, ch. 9. 3 Dorsey's Laws, 2322. *Williams vs. Williams,* 7 *Gill,* 302. *McDowell vs. Goldsmith,* 6 *Md. Rep.,* 319. *S. C.,* 2 *Md. Ch. Dec.,* 370. *Ing vs. Cromwell,* 4 *Md. Rep.,* 31. *Hays vs. Dorsey,* 5. *Md. Rep.,* 99.

2. That the appeal should have been taken from the original decree so far as the first objection is concerned. 7 *Gill,* 302. 5 *Md. Rep.,* 99. 6 *Md. Rep.,* 319. 2 *Md. Ch. Dec.,* 370.

3. That in this case, interest notes being due and unpaid, the right to sell was given by the 3d sec. of the Act of 1861.

4. That the Act of 1861, ch. 17, was unconstitutional as invalidating contracts. 1 *How.,* 319. 2 *do.,* 612.

BARTOL, J., delivered the opinion of this Court.

The appeal in this case is from an order of the Superior Court of Baltimore city, ratifying a sale made in pursuance of a decree passed under the provisions of the Code, volume 2, Art. 4, section 782 ; embodying the provisions of the Act of 1833, ch., 181, relating to mortgages in the city of Baltimore.

Two exceptions to the ratification of the sale were filed by the appellant.

1st. That the decree was not passed in accordance with the provisions of the Code.

2nd. That the execution of the decree was suspended by the Act of 1861, ch. 17.

The appellee contends that this not being an appeal from the decree, the appellant is not entitled to be heard upon the first exception. We do not concur in this view. It has been repeatedly decided by this Court that in such cases an appeal may be taken from the decree ; but it has never been held that the validity and regularity of the decree may not be inquired into upon exceptions to the sale. In *Eichelberger vs. Harrison*, 3 *Md. Ch. Dec.*, 89, the late Chancellor held that the proceeding under the Act of 1833 " was contemplated to be *ex parte*, until after the decree and the sale under the decree, and that the propriety of the decree, and the validity of the sale made thereunder, were to be inquired into and contested after the passage of the order of ratification *nisi*, and before the final order of confirmation should be passed."

In this opinion of the Chancellor we entirely concur. We refer also to *Hays vs. Dorsey*, 5 *Md. Rep.*, 99, in support of this opinion.

The only objection to the decree relied upon in this case, under the first exception, is that it was entered after default, and for that reason, it is alleged to be contrary to the provisions of the Code, which the appellant contends authorize a decree only before default. This objection is not supported either by the words of the Code or by any decided case. By the Code it is provided that the proceeding may be taken at any time after the filing of the mortgage to be recorded, and the Court is authorized " thereupon forthwith to decree that the mortgaged premises shall be sold at any of the periods limited in the conveyance for the for-

feiture of the mortgage, or limited for a default of the mortgagors." The plain meaning of this provision is that where the decree is entered before default, no sale shall be made till something is due upon the mortgage. But there is nothing in the language that limits the remedy of the mortgagee within the period before the forfeiture; on the contrary, the proceeding is authorized to be taken " at any time" after the recording of the mortgage, without regard to the time limited therein for a default of the mortgagor. He is protected against a sale until he makes default; but there is nothing in the words of the Code that denies to the mortgagee the benefit of the remedy after the default has occurred. This in our opinion is the plain meaning of the law, and if the question were now presented for the first time, we should have no difficulty in adopting this construction. But it is supported by several decisions of this Court in cases arising under the Act of 1833, ch. 181, which in this respect was identical with the provisions of the Code.

In *Ing vs. Cromwell,* the proceeding was instituted after default, and the decree was affirmed. 4 *Md. Rep.*, 31, 36.

In *Hays vs. Dorsey,* 5 *Md. Rep.*, 99, which was also a proceeding under the Act of 1833, a decree passed after default was affirmed. It is supposed by the appellant's counsel that no power to pass a decree after default was conferred by the Act of 1833, because, by the 3rd section of the Act of 1839 ch. 58, it was enacted " that the decree authorized by the second section of the Act of 1833 may be passed as well after as before the period limited in the mortgage for the payment of the debt, or for the foreclosure of the mortgage." Looking at the words of the Act of 1833, it is not easy to discover why the third section of the Act of 1839 should have been passed; as it is apparent that the latter does not confer any new or enlarged power on the Court, or give any right on the mortgagee which was not given by the

original Act. The Legislature may have had some doubt as to the construction of the Act of 1833, but as there was no good ground for that doubt, the third section of the Act of 1839 must be taken as merely declaratory of the pre-existing law, and therefore the appellant's objection derives no force from the fact that the third section of the Act of 1839 has not been embodied in the Code.

The case of *Kenly vs. Wierman's Ex'r.*, 18 *Md. Rep.*, 302, has been cited and relied on by the appellant's counsel, as one express decision that under the Act of 1833 no power was given to enter a decree after default; a brief examination of that case will show that the opinion of the Court has been misconstrued.

The only question there involved was whether the mortgage upon which the decree had been passed contained the assent of the mortgagor to the passage of a decree according to the provisions of the Act of 1833 and its supplements; and this Court being of opinion that the terms of the mortgage did not authorize the summary proceedings under the Act, the decree was reversed. The case turned altogether upon the construction of the mortgage in this particular. What was said in the opinion of the Court with regard to the Acts of 1833 and 1839, must be understood as referring to the question involved, and was designed to express the idea that by both Acts, the assent of the mortgagor was required. It may be proper to add in explanation of that part of the opinion, that the particular question now under consideration did not arise in the case, and there was no intention on the part of the Court to declare that a decree might not be passed under the Act of 1833, after default as well as before, provided the mortgage contained the assent of the mortgagor, in such terms as the Act prescribed.

In the opinion of this Court, the objection of the appellant to the decree in this case was properly overruled by

17    v. 24.

the Superior Court. We are also of opinion that the exception to the sale, based on the Act of 1861, ch. 17, was properly overruled.

The appellant in the argument of the cause, has made the point, that the Act of 1861 was a law impairing the obligation of contracts, and therefore unconstitutional and void, and in support of this view has cited the cases of *Bronson vs. Kinsey*, 1 *Howard*, 319, and *McCracken vs. Hayward*, 2 *Howard*, 608. Upon this question we express no opinion. It is one of great delicacy and importance, and ought not to be passed upon, unless absolutely necessary for the determination of the case. Here there is no such necessity, because this case clearly falls within the saving provisions of the third section ; and assuming the Act to be free from objection on constitutional grounds, the sale may be supported under the third section, which expressly excepts from the operation of the Act, " decrees or judgments for the payment of interest or tax as between parties to mortgages, judgments or other contracts, upon which said interest or taxes are payable at a specified time or times."

The record before us shows that the decree was rendered in part for interest and taxes due under the mortgage, upon which there was no stay of execution under the act of 1861, and for which the property was liable to be sold. The property mortgaged was in one parcel, indivisible, and could therefore be sold only in its entirety. No valid objection therefore can be made to the sale under the decree.

An order will be signed affirming the order appealed from with costs to the appellee and remanding the cause.

*Order affirmed, and cause remanded.*

(Decided March 17th, 1866.)