(Decided 5th February, 1869.)

CHARLES SEEBOLD *vs.* CHARLES F. LOCKNER AND REBECCA, HIS WIFE.

*Bill by Mortgagors to redeem — Equity Pleading — Practice in the Court of Appeals — Plea to a Bill in Equity of another suit depending.*

A bill was filed by mortgagors to redeem, which charged that the mortgagee had been in possession of the property, receiving the rents and profits thereof, whereby the mortgage debt had been paid, and prayed for an account and for the possession of the property. To this bill the mortgagee pleaded the pendency in the same Court of a bill filed by him against the mortgagors for a foreclosure of the same mortgage, their appearance and alleging the same matters in defence thereto, as were set forth in their bill to redeem, &c. To this plea a general replication was filed; and thereupon the Circuit Court passed a decree referring the cause to the auditor, with directions to take proof and state an account as prayed. The decree stated that "it appeared to the Court, upon an inspection of its records, that there was no such record as was pleaded by the mortgagee in his plea." The record was amended by an agreement of counsel filed in the appellate Court, whereby it was admitted that upon a petition filed by the mortgagee to foreclose, under the Act of 1833, ch. 181, there had been a decree for a sale, and a sale thereunder, and the

same had been reported to the Court; that the mortgagors filed exceptions to the sale, and it was set aside; that other proceedings were had and the cause was still pending. HELD:

1st. That the Circuit Court committed error in passing the decree to account; the effect of filing the general replication being to admit the legal sufficiency of the plea and to raise an issue of the truth of the matters therein alleged. If the plea had been overruled for want of proof, the defendant, upon payment of the fine of ten dollars, imposed by the Code, Art. 16, sec. 102, should have been allowed to answer the bill.

2d. That upon the original record the defendant would be concluded by the judgment of the Circuit Court, upon the issue presented by the plea, and nothing would remain to the appellate Court except to reverse the decree of the Circuit Court for error, and remand the cause for further proceedings in accordance with established practice; but upon the record as amended, it was necessary for the appellate Court to decide whether the pendency of the former proceedings was a bar to the suit to redeem, &c.

3d. That it was competent for the complainants to urge and rely upon the equities set up in their bill to redeem, &c., as a defence in the former suit against the claim of the mortgagee, and if sustained by competent proof, to have the decree therein set aside; but inasmuch as the whole effect of the second suit was not attainable in the first, the plea was properly overruled; the decree, however, being erroneous, must be reversed and the cause remanded for further proceedings.

APPEAL from the Circuit Court of Baltimore City.

The cause was argued before BARTOL, C. J., NELSON, STEWART and MILLER, J.

*Henry Stockbridge,* for the appellant:

The bill was met by a plea in bar; that stopped all proceedings. Nothing further could be done under the rules of pleading and of the Court, until that plea was disposed of; and the only thing the Court could properly do was to allow or to overrule the plea; nothing more. If it allowed the plea, this suit was barred. If it overruled the plea, it was then for the defendant to pay his fine and make answer to the bill. *Code of Pub. Gen'l Laws, Art.* 16, *sec.* 102; *Rules* 10 *and* 11 *of the Circuit Court; Alexander's Ch. Prac.,* 60; 1 *Daniel's Ch. Practice,* 714, 720; *The Bank vs. Dugan,* 2

*Bland's Ch. Rep.*, 257; *Worthington vs. Lee*, 2 *Bland's Ch. Rep.*, 685; *Carroll vs. Waring*, 3 *G. & J.*, 491; *Act of* 1867, *ch.* 388.

The pleading, which the complainants saw fit to use, precluded them from questioning the *legal sufficiency* of the plea. Their replication was an irrevocable admission that the plea was sufficient in substance and correct in form. After filing that replication, there was no question which they could contest, but that of the truth of the facts stated in the plea. *Story's Eq. Plead.*, sec. 877; *Cooper's Eq.*, 328; 1 *Daniel's Ch. Prac.*, 715; *Hughes vs. Blake*, 6 *Wheaton*, 472; *Danels vs. Taggart's Adm'r*, 1 *G. & J.*, 311.

The complainants at the same time, by their practice, admitted the truth of the facts stated in the plea, and estopped themselves from controverting them afterwards. That is the well known legal intendment of setting down the plea for argument. *Story's Eq. Pleadings*, sec. 743; *Rhode Island vs. Massachusetts*, 14 *Peter's Rep.*, 257.

The complainants, therefore, by filing their replication, admitted the legal sufficiency of the plea, and by setting the plea down for argument admitted the truth of its allegations.

The bill discloses the institution of a suit in the same Court, to affect the same subject matter, between the same parties. If that suit so disclosed by the complainants in their bill had been finally decided, then the matter presented in the bill in this case was *res adjudicata;* and if the suit were still pending, it was a complete bar to the present proceeding and properly pleaded. The suit was and is still pending. *Story's Eq. Plead.*, sec. 737; *Cooper's Equity*, 272.

*George H. Williams*, for the appellees:

Until barred by limitations under adverse possession sufficiently long, or by a consummated foreclosure, the equity of redemption continues to exist. The appellant's right to fore-

close of necessity involved the right to redeem. *Fisher on Mortgage,* 1; 1 *Danl. Ch. Plead. and Prac.,* 640, 717, 718; 2 *Veas. & Beam,* 158.

Until consummation of a foreclosure by a final order to a decree for foreclosure, there is no bar to the redemption, and a bill to redeem and a bill to foreclose may both co-exist as cross-bills. *Coote on Mortgages,* (70 *L. Lib.,*) 583; *Welford's Eq. Plead., (margin,)* 321; *Newburgh vs. Wren,* 1 *Vern.,* 220.

BARTOL, C. J., delivered the opinion of the Court.

The bill of complaint in this case, was filed by the appellees to redeem a mortgage, executed by them to the appellant on the 13th day of October, 1857, conveying a lot of ground in the city of Baltimore. The mortgage was made under the provisions of the Act of 1833, ch. 181, and its supplements.

The bill charges that the mortgagee had been in possession of the property, receiving the rents thereof, whereby the mortgage debt had been paid, and prays an account thereof and the re-possession of the property.

The defendant pleaded in defence to the bill, the pendency in the same Court of a bill filed by him against these complainants for foreclosure of the same mortgage, that the complainants appeared in said cause and made defence thereto, and set up and alleged the same matters and things in defence thereto, as are set forth in their bill of complaint in this cause, &c.

To this plea the complainants filed a general replication. Whereupon the Circuit Court passed a decree referring the cause to the auditor, with directions to take proof and state an account as prayed, and awarding costs to the complainants. The appeal is from that decree.

The decree states, that " it appeared to the Court upon the inspection of its records, that there is no such record as is in the defendant's plea pleaded."

Supposing the Court to have decided correctly upon the issue presented by the pleadings, there was error in passing

the decree. According to the rules of equity pleading, and the established practice in this State, the effect of filing the general replication was to admit the legal sufficiency of the plea, and to raise an issue of the truth of the matters therein alleged. If overruled for want of proof, the defendant upon payment of the fine of ten dollars, imposed by the Code, Art. 16, sec. 102, ought to have been allowed to answer the bill. *Bank vs. Dugan,* 2 *Bland,* 257; *Worthington vs. Lee,* 2 *Bland,* 685; *Chase vs. McDonald & Ridgely,* 7 *H. & J.,* 197, 198; *Carroll vs. Waring,* 3 *G. & J.,* 491; *Danels vs. Taggart,* 1 *G. & J.,* 312; *Cooper's Eq. Pleadings,* 328; *Hughes vs. Blake,* 6 *Wheat.,* 472; *Rhode Island vs. Massachusetts,* 14 *Peters,* 257.

If the case came before us on the original record, the appellant would be concluded by the judgment of the Court below upon the issue presented by the plea, and nothing would remain for this Court to do, except to reverse the decree for the error above stated, and to remand the cause for further proceedings, in accordance with the established practice.

But the record has been amended by an agreement of the solicitors filed in this Court, whereby it is admitted: "That the defendant herein, in the month of March, 1860, filed in the Circuit Court for Baltimore city, a petition, in the usual form, to foreclose the mortgage named in the bill in this case, under the Act of 1833, ch. 181, that a decree for the sale of the mortgaged property was passed by said Court, and a trustee appointed to make such sale, that said trustee proceeded to make sale, reported his said sale to said Court; that these complainants, by their solicitor, filed exceptions to said sale so reported, and that said Court sustained some one or more of said exceptions, set aside said sale; that other proceedings were had, and said cause is still pending in said Court."

In view of this admission, it becomes necessary for this Court to decide whether the pendency of the former proceedings is a bar to the present suit.

It is a good plea to a bill in equity, that there is another suit depending in the same Court for the same cause. *Cooper's*

*Eq. Pl.*, 272; 2 *Daniel's Ch. Prac.*, 720; *Story's Eq. Pl.*, 737. " It is, however, requisite that the whole effect of the second suit should be attainable in the first." 2 *Daniel's Ch. Prac.*, 721; *Cooper's Plead.*, 274; *Law vs. Rigby*, 4 *Bro. Ch. Ca.*, 60; *Peckford vs. Hunter*, 5 *Sim.*, 122. Since the decision of *Black vs. Carroll*, 24 *Md.*, 251, the jurisdiction of the Court under the Act of 1833, to enter a decree after default, cannot be questioned. It has also been settled that the proceeding under the Act being *ex parte*, until after the decree and the sale, " the propriety of the decree as well as the validity of the sale thereunder, may be inquired into and contested, after the passage of the order of ratification *nisi*, and before the final order of confirmation has been passed." 5 *Md.*, 99; 24 *Md.*, 255

It is competent therefore, for the appellees to urge and rely upon the equities set up in their present bill, as a defence in the former suit against the claim of the mortgagee, and if sustained by competent proof, to have the decree therein set aside. Thus far the relief sought by the appellees in the present suit, might be obtained in the former. But if it should appear, upon a proper accounting, that the mortgagee has received of the rents and profits any excess over and above the mortgage debt and interest, and expenses upon the property, no decree could be passed in the former case in favor of the present appellees for such surplus; that is part of the relief prayed in the bill filed in this cause, to which the appellees may be entitled. It thus appearing that the whole effect of the present suit cannot be attained by the appellees in the other case, we think the plea was properly overruled. But for the reasons before stated the decree was erroneous and must be reversed, and the cause remanded for further proceedings, in accordance with the opinion of this Court.

*Decree reversed and cause remanded.*

(Decided 5th February, 1869.)