Morrill 'and Wife *vs.* Gelston's Lessee.

(Decided 1st June, 1871.)

GEORGE E. MORRILL and MARY E. MORRILL, his Wife, *vs.* HUGH GELSTON'S LESSEE.

*Sale under a Decree passed in pursuance of Article 4, sections 782, &c., of the Code of Public Local Laws, not to be questioned in a Collateral proceeding — Validity of a Trustee's deed — Record books as Evidence.*

Upon the final ratification of a sale of mortgaged property, made under a decree, to the passing of which in pursuance of the provisions of the law relating to mortgages in the city of Baltimore (*Art.* 4, *secs.* 782, &c., *of the Code of Public Local Laws,*) the mortgagor had given his assent, such sale has all the judicial sanction that it could have if it had been made by virtue of an ordinary decree, and cannot be called in question in any collateral proceeding.

Morrill and Wife *vs.* Gelston's·Lessee.

Where by the terms of a decree for the sale of certain mortgaged property, one-half of the purchase money was to be paid on the day of sale, and the balance in six months, and the purchaser waiving the credit paid the whole purchase money at once, and the sale was ratified, he was entitled to have a conveyance of the property, and the deed of the trustee could not be impeached, because it was executed before the expiration of the six months' credit prescribed in' the decree.

Where the trial of a cause is in the same Court where a deed is recorded, as required by law, the record book containing such deed is sufficient evidence thereof.

APPEAL from the Superior Court of Baltimore City.

*Ejectment* instituted by the appellee against the appellants, to try the title to and obtain possession of a lot of ground on Lombard street, in the city of Baltimore.   Plea "not guilty" and issue thereon.

*Exception:* At the trial of the cause, the lessor of the plaintiff to sustain the issue on his part, offered in evidence to the jury the admission of the defendants by their counsel in open Court, that the premises described in the declaration had been duly granted by the State of Maryland, by patent, and that by regular transfer of title from the patentee, the *seizin in fee* of the said premises was, on the 18th of February, 1858, in John S. Donnell, William Donnell and James J. S. Donnell; and further offered in evidence, subject to exceptions to be thereafter taken, a volume of the Land Records of Baltimore city, containing the record of a lease of the premises for the term of ninety-nine years, renewable forever, from the said Donnells to William M. Willis, made the 18th of February, 1858, also a mortgage of the same date from said Willis to the said Donnells, also a release of said mortgage by the mortgagees at the foot of the mortgage on said record, and a mortgage from the said Willis to Hugh Gelston, dated the 8th of April, 1858.

The lessor of the plaintiff then offered in evidence the original papers and docket entries in the case of *Gelston vs. Willis,* *ex parte,* on the equity side of the Superior Court, under the laws relating to mortgages in the city of Baltimore, for the

purpose of foreclosing the mortgage from Willis to Gelston—said original papers consisting in part of the petition for the sale of the mortgaged premises, the original mortgage from Willis to Gelston, and an account, verified by Gelston, of the amount due under the mortgage, the decree for the sale, the bond of the trustee duly approved, the report of sale by the trustee, the order of ratification *nisi*, together with the order of final ratification, and the deed from the trustee to the purchaser, the plaintiff's lessor.

The defendants offered no evidence.

And the lessor of the plaintiff then offered in evidence a deed from the trustee to Gelston, executed the 1st of March, 1861, and purporting to be made in pursuance of the decree in the case of *Gelston vs. Willis.*

Whereupon the lessor of the plaintiff offered the following prayer.

If the jury find from the evidence [the grant by the State of Maryland of the premises in the declaration mentioned, and the *seizin* in fee of John S. Donnell and others, parties to the lease to William M. Willis, being admitted,] the execution of the mortgage from Willis to Gelston, the lessor of the plaintiff, and the passing of the decree of the Superior Court of Baltimore City, upon the petition of said Gelston, and the sale to him and the final ratification thereof, and shall also find the execution of the deed from John H. Ing, trustee, to said Gelston, notwithstanding they shall also find the execution of the mortgage by said Willis to said John S. Donnell, and others, provided they find the release of the same, that then they ought to find their verdict for the plaintiff.

The defendants offered the following prayer:

That there is no evidence in the cause to sustain the plaintiff's right of action, and the jury must render their verdict for the defendants.

The defendants, under the right to except as reserved, urged three objections, to be found in the opinion of the Court, to certain evidence of the plaintiff's lessor.

The Court (DOBBIN, J.,) overruled these objections, rejected the prayer of the defendants, and granted the prayer of the lessor of the plaintiff. To this ruling of the Court, the defendants excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, GRASON, MILLER and ALVEY, J.

*Orlando F. Bump* and *J. Montgomery Peters,* for the appellants.

The jurisdiction of a Court may be inquired into when its judgment is brought in question in a collateral action. *Williamson vs. Berry,* 8 *How.,* 495, 540 ; *Harris vs. Hardiman,* 14 *How.,* 334 ; *Elliott vs. Piersol,* 1 *Pet.,* 328, 340 ; *Hollingsworth vs. Barbour,* 4 *Pet.,* 446, 471 ; *Shriver vs. Lynn,* 2 *How.,* 43, 60.; *Hickey vs. Stewart,* 3 *Howard,* 750, 762 ; *Webster vs. Reid,* 11 *How.,* 437 ; *Wernway vs. Pauling,* 5 *G. & J.,* 500, 507 ; *Boswell vs. Otis,* 9 *Howard,* 336, 348 ; *Harrington vs. People,* 6 *Barb.,* 607 ; *Bloom vs. Burdick,* 1 *Hill,* 130 ; *Woodruff vs. Taylor,* 20 *Vt.,* 65.

In summary proceedings, where a Court exercises an extraordinary power under a special statute, the facts which give jurisdiction must appear upon the face of the record, and the proceedings stand on the same footing as those of a Court of inferior jurisdiction. *Thatcher vs. Powell,* 6 *Wheat.,* 119, 127 ; *Wickes vs. Caulk,* 5 *H. & J.,* 43 ; *Shriver vs. Wilson,* 5 *H. & J.,* 130, 132 ; *Owings vs. Worthington,* 10 *G. & J.,* 283 ; *State vs. Merryman,* 7 *H. & J.,* 79 ; *Corning vs. Deming,* 11 *Wend.,* 647 ; *Striker vs. Kelly,* 7 *Hill,* 9 ; *Simon vs. De Barre,* 8 *Abb. Prac.,* 273 ; *Kundolph vs. Thalheimer,* 17 *Barb.,* 506.

Section 782, of Article 4 of the Code of Public Local Laws only applies to mortgages executed after the adoption of the Code.

The Act of 1833, chapter 181, only authorizes an *ex parte* decree when the mortgage contains an assent on the part of

the mortgagor sufficient to authorize the passing of a decree *before* his default. *Kenly vs. Wierman,* 18 *Md.,* 302; *Black vs. Carroll,* 24 *Md.,* 251, 257.

Statutes conferring special authority and contracts involving a forfeiture must be strictly construed. *Shriver vs. Wilson,* 5 *H. & J.,* 130; *Jackson vs. Silvernail,* 15 *Johns.,* 278; 2 *Parsons on Contracts,* 510, *note y.*

A deed executed by a trustee under a power must pursue the terms of the power. 4 *Kent's Comm.,* 330, 333; 1 *Sugden on Powers,* 250; *Dolan, et al. vs. Mayor & C. C. of Balt.,* 4 *Gill,* 394, 405.

The power conferred upon the clerk of the Court to record conveyances, is a special statutory power, and the Court cannot take judicial cognizance of such records made by its clerk. *Code, Sup., Art.* 18, *sec.* 51.

The production of the original record alone, is not sufficient proof of the release of a mortgage made at the foot of the record. *Code, Art.* 37, *sec.* 58; *Code, Art.* 18, *sec.* 1.

Record books are not admissible in evidence without proof of the loss of the original deeds. *Brooks vs. Marbury,* 11 *Wheat.,* 78, 82, 99; *Fox vs. Lambson,* 3 *Halst.,* 275, 280; 2 *Phillips on Evid.,* (*Cowen & Hill's Notes,*) 584.

The only record books which are admissible as original evidence are those which, instead of being mere copies of instruments that are original evidence, are themselves the original and best evidence of the facts they contain, and even then they must be proved to be the record books. 1 *Greenl. Ev.,* *secs.* 483, 485.

*John H. Ing* and *Attorney General Jones,* for the appellee.

The equity proceedings do show the special jurisdiction upon their face. They are the same proceedings which were fully considered by this Court, upon the full record, at April Term, 1870, in the case of Mary E. Morrill, one of the appellants in this case, against Hugh Gelston (*vide* 32 *Md.,* 116.) The Court found no defect in the proceedings, and reversed

the order of the Court below in that case, awarding the writ of *habere facias possessionem*, solely on the ground that that summary remedy was not applicable under the circumstances of that case. Whilst the equity papers in that case were lost or mislaid, the present action of *ejectment* was instituted. When they were found, the case of *ejectment* was put upon the stet docket till the decision of the Court of Appeals upon the said order in equity. After which the *ejectment* case was duly put upon the trial docket, and with the result shown by the record now before the Court.

The trustee's deed was duly executed in exact accordance with the directions of the decree, to wit: "On obtaining the Court's ratification of the sale, and on the payment of the whole purchase money."

The production of the original records, and reading therefrom to the jury the several title papers offered in evidence, was sufficient legal *prima facie* evidence of every requisite to give validity to the said instruments. The clerk of the Superior Court of Baltimore city is the custodian of the books and papers pertaining to his office; and it is his duty to record all deeds, mortgages, &c., required to be recorded in said city. *Code, Art.* 18, *secs.* 1, 51.

A release of a mortgage by the mortgagee may be written upon the record in the office where the mortgage is recorded, and attested by the clerk, and shall be sufficient to release said mortgage. *Code, Art.* 24, *secs.* 33, 34, 37.

The mortgage of Willis to Gelston was made subject to a prior mortgage to Donnell and others, which was released by the mortgagees in accordance with these provisions of the Code.

The land-record books, containing the record of the deeds, mortgages, and the release mentioned as offered in evidence, were produced in Court by the clerk thereof, and the deeds, &c., read from said records. The trial was had in the Superior Court, where the records belonged, and the Judge whereof was charged with the duty of inspecting and examin-

ing them at every term, and so must take judicial cognizance thereof. *Code, Art.* 29, sec. 13.

The instruments being required by law to be recorded, the *production* of the *record* thereof affords the highest and best evidence. 1 *Greenl. Ev.,* secs. 501, 502.

STEWART, J., delivered the opinion of the Court.

Three exceptions were taken by the appellants to the evidence introduced on the part of the lessor of the plaintiff below, and have been brought up for review in this appeal. The first exception is to the admission of the proceedings in the Superior Court of Baltimore city, in the matter of *Hugh Gelston vs. William M. Willis,* because, as alleged, they were had under a special jurisdiction not shewn upon their face.

The application to the Superior Court, on the part of Gelston, was to foreclose the mortgage he held against Willlis, referred to in the proceedings. The mortgage contained clauses declaring it to have been made with reference to certain provisions of the laws in regard to mortgages of real estate, or chattels real, in the city of Baltimore, and declaring the assent of the mortgagor to the passing of a decree, under the said laws or supplements thereto; and to a sale under any of said laws or supplements, in case of any default in any of the conditions of the mortgage—the proceeds of any sale to be applied to the extinguishment of the claims of the mortgagee, whether matured or not.

Under section 782 of Article 4 of the Code of Public Local Laws, the mortgagee, in such case, was authorized to submit to the Superior Court of Baltimore city such mortgage or copy, under seal of the Court, at any time after filing the mortgage for record; and the said Court was empowered forthwith to decree a sale of the mortgaged premises at any one of the periods limited for the forfeiture of the mortgage, or for a default of the mortgagor, on such terms as might seem proper to the Court, and to appoint a trustee to make the sale.

The 784th section of the same Article provides that sales made and conveyances thereupon shall have the same effect, if finally ratified by said Court, as if the same had been made under decrees between the proper parties in relation to the mortgages, and in the usual course of said Court.

It appears from the character of the mortgage, and the proceedings to foreclose the same under these provisions, the Superior Court had jurisdiction in the matter, and was authorized to pass the decree for the sale of the mortgaged property. See *Black vs. Carroll,* 24 *Md.,* 251. When the sale has been ratified by the Court, the same legal intendment and construction are to be applied thereto as if the same had been made by virtue of an ordinary decree, and it can no more be called in question, in any collateral proceeding, than a sale under any other decree of the Court. *Cockey vs. Cole,* 28 *Md.,* 285.

The second exception is taken to the deed of the trustee offered by the lessor of the plaintiff, because executed before the expiration of the six months' credit prescribed by the decree. The terms of sale prescribed by the decree were, one-half of the purchase money to be paid in cash on the day of sale—the balance on a credit of six months. Upon the payment of the purchase money, (and not before,) after ratification of the sale, the trustee was authorized to convey the property sold, to the purchaser.

The credit instalments afford opportunity to make a better sale of the property, for the benefit of all parties concerned. They allow the purchaser the privilege of the credit, if he desires it, but if the property is sold upon the prescribed credit, and the purchaser prefers to waive it and pay all the money, and the sale is ratified, (the purchase money all being paid,) he is entitled to have a conveyance of the property, and the deed of the trustee cannot be impeached upon the ground that the money was thus paid.

The third exception is to the admission of the deeds in evidence, on the ground that the production of the record was not sufficient proof thereof.

By the 58th section of Article 37 of the Code, copies of any record in the custody of any of the clerks of the Courts of Law or Equity, or register of wills, are made evidence; judgments, decrees, deeds, and other papers and proceedings required by law to be recorded, are considered records. Where the trial of a cause is in the same Court where the record is to be found, it has been the universal practice, which it would be unwise to disturb, to produce the record books as evidence.

The release of the mortgage from the Donnells, the mortgagees, was contained in the record book. The release of a mortgage may be made in the form prescribed by the Code, Article 24, sections 33, 34, 35, attested by the clerk, and in the absence of any proof to the contrary, we must assume the release in question was in that form, and the record is evidence of such release, as of the mortgage.

The lessor of the plaintiff has made out at least a *prima facie* case, and there being no proof to the contrary, the Court below could not do otherwise than to overrule the exceptions to the evidence offered, and grant the plaintiff's and refuse the defendant's prayer.

*Judgment affirmed.*

(Decided 2d June, 1871.)