(Decided 1st March, 1877.)

---

THE EQUITABLE MUTUAL LAND IMPROVEMENT ASSOCIATION OF EAST BALTIMORE *vs.* GEORGE BECKER.

*Power of the Court to suspend a Sale under a Mortgage executed in pursuance of the provisions of Article 4 of the Code of Public Local Laws—Foreclosure of mortgage under Art. 4 of the Code of Public Local Laws—When an Appeal will not lie.*

A decree was obtained for the sale of certain land in Baltimore City under two mortgages executed in pursuance of the provisions of section 782, and the following sections of Art. 4 of the Code of Public Local Laws. The trustee appointed by the decree to make the sale advertised the property for sale. The mortgagor thereupon filed his petition in the Circuit Court of Baltimore City, where the decree was obtained, alleging that he was not in default, and praying that the Court would pass an order suspending the sale, and referring the case to the auditor that an account between the parties might be stated, so that the mortgagor might pay the balance secured by his mortgages and have them released. To this petition the mortgagee filed an answer denying the statements of the petition. After a hearing the Court passed an order temporarily suspending the sale and referring the papers to

the auditor to state an account as prayed.    On appeal from this order, it was HELD:

1st. That the Court had authority to pass the order suspending the sale and referring the papers to the auditor.

2nd. That no appeal would lie from such order.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Thomas W. Griffin,* for the appellant.

*Thomas R. Clendinen,* for the appellee.

GRASON, J., delivered the opinion of the Court.

The record in this case shows that a decree had been obtained for the sale, under two mortgages executed by the appellee to the appellant in pursuance of the provisions of section 782, and the following sections of Article 4 of the Local Code, of certain land in Baltimore City, and that the trustee appointed by the decree to make the sale had advertised the property for sale, when the appellee filed his petition in the Circuit Court of Baltimore City, alleging that he was not in default, and praying that the Court would pass an order suspending the sale and referring the case to the auditor in order that an account between the parties might be stated, so that the appellee might pay the balance secured by his mortgages and have them released.   To this petition the appellant demurred, and the demurrer having been overruled, it filed an answer denying the statements of the petition.   After hearing, the Court passed an order temporarily suspending the sale and referring the papers to the auditor to state an account

as prayed, and from that order this appeal was taken. It was contended upon the part of the appellant that the Court below could not pass such an order, inasmuch as the proceedings under the above mentioned sections of Article 4 are *ex parte* until the sale is made and reported, and that objections to the sale cannot be entertained until then in view of the provisions of sections 786 and 787, and the decisions of this Court in the cases of *Hays vs. Dorsey*, 5 *Md.*, 99; *Black vs. Carroll*, 24 *Md.*, 255; *Cronise vs. Clark*, 4 *Md. Chan. Dec.*, 407, and *Schooley and Price vs. Romain*, 31 *Md.*, 574. While section 786 prescribes that allegations *may* be made against sales which take place under Art. 4 *after* such sales are reported, and section 787 provides for the action to be taken thereupon by the Court, yet in none of the sections of that Article is there any prohibition against the mortgagor's taking proceedings to stop the sale, or against the Court granting an order suspending the sale, or even granting an injunction. The ground relied upon in the cases in the *Md. Reps.* before cited, for confirming the sale, was either that the mortgagor had received no notice before the decree for sale was passed, or that the mortgagee had demanded usurious interest—and the Court decided that inasmuch as the mortgagor had, by the terms of the mortgage, consented to a decree of sale, no further notice was necessary, and in so far as the question of usury was concerned, it could be raised and settled upon the auditor's account. Neither the provisions of the Code, nor the decisions of this Court therefore prohibit a Court of equity from suspending a sale under the 4th Article of the Local Code, upon a proper case being presented for its interposition. It must be borne in mind, that a trustee, under a decree to sell, is the mere hand of the Court, and that it is the Court itself that makes the sale. The decree in this case did not authorize any sale to be made until the mortgagor made default, and the latter alleged that he was not in default,

and had paid even more than his mortgages required of him up to the time when the trustee advertised the property for sale. In the case of *Eichelberger vs. Harrison,* 3 *Md. Ch. Dec.,* 41, the Chancellor suspended the sale upon the mortgagor's petition, and after proof taken and a hearing, rescinded the order suspending the sale, but stated that he would have sent the papers to the auditor to state an account if the proof in the cause would have justified it

We are of opinion that the authority of the Circuit Court to pass the order suspending the sale, and referring the papers to the auditor to state an account cannot be doubted.

We think it equally clear that no appeal lies from such an order. It is not final in its nature, settles no right in the case, and is not an order from which an appeal is given in terms by the 20th and 21st secs. of Article 5, of the Code of Public General Laws. It is a mere interlocutory order, within the sound discretion of the Court below, passed during the progress of the cause and from it no appeal lies to this Court. This appeal must therefore be dismissed.

*Appeal dismissed.*

(Decided 1st March, 1877.)