# BALTIMORE CITY COURT.

Filed October 11, 1923.

## MAYOR AND CITY COUNCIL OF BALTIMORE CITY
## VS.
## CHARLES F. STEIN, JR., ET AL.

*Frank Driscoll* for plaintiff.
*Walter C. Mylander* for defendant.

BOND, CARROLL T., J.—

This is a second proceeding by the City for condemnation of the fee in one and the same piece of land, while the first proceeding is still pending and is intended to be carried to a conclusion. The earlier suit includes this land in a long strip made up of many parcels, to be acquired for a public street. The second is resorted to, by way of anticipation, in order to get this parcel for water mains without waiting for delays regarded as unavoidable in the first suit. The landowner wishes to lay before the Court the fact of the pendency of the first suit as a reason why this second proceeding should not go forward at all, and his presentation of the point takes the form of a motion to quash the proceedings. This form is objected to.

The form is of little or no importance if the landowner has a right to present reasons against going on with a suit before we do go on with it. He has that right, certainly, and I do not see any better method of pursuing it than that of a motion to quash, if the statutes does not prohibit it. The general condemnation law, Act 1914, Chapter 462, Article 33-A, of the Code, provides in Section 4 that after having been summoned the defendant shall "file an answer showing cause, if any he has," etc. That section says nothing of motions, demurrers or proceedings of any other description. Section 5 provides that: "The Court shall have the same power to permit amendments of the petition, answers and other proceedings as in other actions at law, and all demurrers, motions and other

proceedings therein, except as otherwise herein provided, shall be disposed of in accordance with the rules and practice in said Court now governing in the trial of other civil cases at law."

We do not always confine the word "answer" or "plea" strictly to the technical forms of pleading so named. When we extend time for an answer or for plea, we commonly intend to include motions, demurrers and other dilatory steps. And in view of this fact we might well hesitate to interpret the word "answer" in Section 4 as exclusive. But when it is followed by such references to other steps as those in Section 5, I think we must interpret it as inclusive. A demurrer would not suffice here because the record of the first suit needs to be brought in as evidence. What is needed is an anticipatory action analogous to the plea in equity or plea in abatement at law. A motion to quash seems to me to fill the need appropriately. I, therefore, conclude that the motion to quash should be entertained.

When we come to the complaint on its merits, we have to bear in mind that the earlier suit is one for the condemnation of the fee simple, complete, ownership of the land, and that it would accomplish for the city in due course all that is desired in the second suit. The second suit is intended as nothing more than a means of anticipating the benefits already pursued in the first. In all jurisdictions, I believe, the bringing of two suits for the same remedy or relief is recognizd as a just ground of complaint; and it would seem to be an elementary principle of orderly judicial proceeding. As far back as the Civil law it was an accepted complaint: and we recognize its force both in equity and in law.

Beames, Pleas in Equity, 137 (1st Amer. Ed.); Seebold vs. Lockner, 30 Md. 133; McKaig vs. Piatt, 34 Md. 249.

The difficulties in maintaining two suits are many. The defendant is put to the expense and trouble of preparing twice for the same inquiry; and one trial, backed by the principle of *res judicata* must, after all, foreclose the other to a great extent if not altogether. Confusion would follow from all directions. The fact that inconvenience will result from slow movement in the first suit would seem to be reason rather for speeding up or improving that suit than for multiplying proceedings looking to the same end.

It is for these reasons alone, without deciding the other points, that the motion is granted.