## ANNIE C. SCHAEFER *vs.* THE AMICABLE PERMANENT LAND AND LOAN COMPANY OF BALTIMORE CITY.

### MORTGAGES.

*Code, Vol. 2, Art. 4, sec. 782—City Mortgages—When decree for sale may be passed—Orders and Petitions—Sales.*

In case of a mortgage executed under sec. 782 of Art. 4 of the Code, vol. 2, a *decree* for the sale of the mortgaged property may be passed at any time after the filing of the mortgage, but the sale cannot take place until the *default* of the mortgagor.

Where the *continuance* of default for a specified time is a condition precedent to the sale of the property under the mortgage and decree, unless such default is shown to exist, the Court will interfere to arrest the sale.

APPEAL from the Circuit Court for Baltimore City.

Annie C. Schaefer, a member of the Amicable Permanent Land and Loan Company of Baltimore, having received therefrom an advance of six thousand dollars on her fifteen shares of stock, executed to the said company, as security for the payment thereof, a mortgage on her real estate, situated in Baltimore. The mortgage was executed under the local law of Baltimore City, Code, vol. 2, Art. 4, sec. 782, and contained the consent of the mortgagor that a decree might be passed forthwith. A decree was accordingly passed, and a trustee appointed to make the sale, who proceeded to advertise the property. By the terms of the mortgage the property could not be sold until the default of the mortgagor to comply with certain conditions therein specified. Accordingly a petition was filed by the mortgagor to arrest the sale alleging that there had been no default and filing certain exhibits as evidence

thereof. It appeared from the exhibits that there had been default, and the Court accordingly dismissed the petition.

There are two appeals in the record: one from the decree passed by the Court for the sale of the mortgaged property, and the other from the order of the Court dismissing the petition.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*C. Dodd McFarland* and *O. F. Hack*, for the appellant.

*Wm. J. O'Brien* and *Junius E. Leigh*, for the appellee.

BARTOL, C J., delivered the opinion of the Court.

There are two appeals in this record, one from the decree passed on the 27th day of November 1876, and the other from the order of the Circuit Court of December 30th 1876 dismissing the petition filed by appellant on that day.

1st. As to the appeal from the decree.

The mortgage was executed under the local law of Baltimore City, *Code, vol.* 2, *Art.* 4, *sec.* 782, it contained the consent of the mortgagor that a decree might be passed forthwith. The decree was passed in conformity with the provisions of that section, and with the terms and conditions of the mortgage. It is free from error and must therefore be affirmed.

Under the Code the decree might properly be passed before default.

2nd. As to the appeal from the order dismissing the petition.

The object of the petition was to arrest the sale of the mortgaged property under the decree. By the terms of

the mortgage and the decree, the property could not be sold until default in performing the conditions of the mortgage, or some one of them had continued for sixty days.

The petition alleges that the petitioner had paid into the treasury of the company a large sum of money in the shape of dues and interest in partial discharge of the mortgage, and exhibits a book containing entries made by the proper officers of the company, showing the several sums paid by her, and alleges further that there has not been made a legal application of her payments to the company, and if the payments had been correctly credited as of the dates appearing in the book, she is not guilty of any defalcation, &c.

If the facts so alleged were true, they showed sufficient cause for arresting the sale. The continuance of default for *sixty days* is a condition precedent to a sale of the property under the mortgage and decree, unless such default is shown to exist, the Court would interpose to arrest the sale. See *The Equitable M. L. I. Association vs. George Becker,* 45 *Md.,* 632. There could be no good reason for allowing the property to be sold, and leaving this question to be litigated by the purchaser under exceptions to the ratification of the sale. But in this case the *Exhibit* filed with the petition showing the sums paid by the petitioner, demonstrates that there was default in making the payments due under the mortgage, which had continued for more than *sixty days,* when the petition was filed. It is not alleged that any other moneys had been paid beside those mentioned in the book exhibited with the petition, and for these reasons it was not error to dismiss the petition.

The account filed by the mortgagee, purporting to show the sum due, is not conclusive upon the mortgagor, and in case the property should be sold, it will be open to her to contest it, and to have the amount actually due according to law ascertained and determined.

But upon the petition and the exhibit accompanying it there does not appear any sufficient ground for arresting the sale. .It is not alleged that the mortgage is not such a one as the appellee was authorized by its charter to take. No objection is made to its terms and conditions on the ground of usury, or for any other cause. The petition does not impeach or deny the validity of the mortgage; but avers only that there had been no default under its terms and conditions, while upon the face of the papers the fact is shown to be otherwise. In the present state of the record, there appears no ground for reversal.

The decree and order of the Circuit Court will therefore be affirmed and the cause remanded.

                              *Affirmed and remanded.*
(Decided June 19th, 1877.)